UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALEJANDRO NUNEZ SANCHEZ
and ROSENDO NUNEZ, on behalf of
themselves, FLSA Collective Plaintiffs,
and the Class,

           Plaintiffs,

           -v-                                    1:24-CV-693 (AJB/DJS)

BAVARIAN MANSION, LLC, *et al.*,

           Defendants.

---

**APPEARANCES:**                                  **OF COUNSEL:**

LEE LITIGATION GROUP, PLLC            C.K. LEE, ESQ.
Attorneys for Plaintiffs
148 West 24th Street, 8th Floor
New York, NY 10011

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER GRANTING DEFAULT JUDGMENT

On May 21, 2024, named plaintiffs Alejandro Nunez Sanchez ("Sanchez") and Rosendo Nunez ("Nunez"), two kitchen workers formerly employed in restaurants owned and managed by defendants Bavarian Mansion, LLC, Five Furlongs Tavern, LLC, and Garrett Doyle (collectively "defendants"), filed this putative collective action alleging wage-and-hour violations under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and the Internal Revenue Code ("IRC"). Dkt. No. 1.[1] Defendants were served, Dkt. Nos. 6, 7, 8, but failed to answer or

---

[1] Plaintiffs' operative complaint also alleges state-law claims for breach of contract and unjust enrichment. Dkt. No. 1.

appear in this action, *see* Dkt. No. 11.  Thereafter, plaintiffs sought the entry of default, Dkt. No. 12, which the Clerk of the Court certified on October 16, 2024, Dkt. No. 13.

On November 18, 2024, plaintiffs moved under Rule 55 of the Federal Rules of Civil Procedure for a default judgment as to the named plaintiffs.  Dkt. No. 15.  Despite being served with plaintiffs' moving papers, Dkt. No. 16, defendants have again failed to respond.  The time period in which to do so has since expired.  *See* Dkt. No. 15.  Accordingly, plaintiffs' motion will be considered on the basis of the available submissions without oral argument.

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment.  FED. R. CIV. P. 55(a)–(b).  The first step is to obtain an entry of default from the Clerk of the Court.  FED. R. CIV. P. 55(a).  The second step is to move for a default judgment, which must be approved by the court except in those rare cases where the plaintiff's claim is for a sum certain.  FED. R. CIV. P. 55(b)(1)–(2).

"[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  But "it is not considered an admission of damages."  *Id*.  And "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (cleaned up).  "Put differently, liability does not automatically attach from the well-pleaded allegations of the complaint, as it remains the court's responsibility that the factual allegations, accepted as true, provide a proper basis for liability and relief."  *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010).

If liability is established, the court must proceed to determine what, if any, damages should be awarded.  *See, e.g.*, *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a

default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof . . . ."). This involves two basic requirements: *first*, the court must ensure that there is "an adequate basis" for any of the damages sought; and *second*, the court must be able to ascertain the amount of the plaintiff's damages "with reasonable certainty." *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 90 (E.D.N.Y. 2020). A trial court can make this determination based on evidence presented at a hearing or upon a review of detailed affidavits or other documentary evidence. *See, e.g.*, *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contr., Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

Briefly stated, plaintiffs' complaint alleges that corporate defendants Bavarian Mansion, LLC and Five Furlongs Tavern, LLC are domestic limited liability companies headquartered in Greene County, New York. Compl. ¶¶ 14–15. The LLCs are controlled by individual defendant Garrett Doyle.[2] *Id*. ¶ 16. Defendants operate two "sister restaurants" in Greene County that are run as a single integrated enterprise, sharing ownership, management, employees, supplies, and advertising. *Id*. ¶¶ 20–21. Named plaintiffs Sanchez and Nunez were hired by defendants to work as cooks in the restaurants. *Id*. ¶¶ 40, 43. Defendants paid Sanchez and Nunez at fixed-rate salaries regardless of the number of hours they actually worked, which routinely totaled seventy-five hours each week. *Id*. ¶¶ 41–42, 44–45. Although defendants sometimes withheld partial taxes, both men were given the bulk of their earnings in cash. *Id*. ¶¶ 57–58.

Plaintiffs' motion for default judgment seeks recovery for: (1) unpaid wages under the FLSA and the NYLL; (2) unpaid wages, premiums, and statutory damages under the NYLL; (3) statutory damages under the IRC; and (4) attorney's fees and costs under the FLSA, the NYLL,

---

[2] Doyle's domicile is not alleged with particularity in the pleading, but the record shows that this defendant was personally served within the Northern District of New York. Dkt. No. 8.

and the IRC.  Pls.' Mem., Dkt. No. 15-10 at 9.[3]  In total, plaintiffs seek $75,808.54 on behalf of Sanchez and $88,068.41 on behalf of Nunez.  Lee Aff., Dkt. No. 15-1 ¶¶ 33, 34.

Upon review of plaintiffs' submissions, and based on the well-pleaded allegations in the operative complaint, plaintiffs' motion for default judgment will be granted for substantially the reasons set forth in their supporting memorandum of law.  *See* Dkt. No. 15.

First, the allegations in the complaint are sufficient to establish that defendants are liable under the FLSA.  *See, e.g.*, *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 366 (E.D.N.Y. 2022) (finding that manual laborer employed by a retail shop could pursue "enterprise" FLSA theory against corporate and individual defendants and noting that the statute typically reaches even purely local business activities).

Second, the same set of factual allegations are sufficient to establish that defendants are also liable under the NYLL, which uses nearly identical statutory definitions and sweeps even more broadly than its federal counterpart.  *See, e.g.*, *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 360 (E.D.N.Y. 2015) ("[C]ourts in the Second Circuit have generally applied their analysis of a plaintiff's FLSA claim to a plaintiff's NYLL claim due to the substantial similarity in the provisions.").

Third, plaintiffs' factual allegations, and in particular the reasonable inferences that can be drawn from them, are sufficient to establish that defendants willfully filed IRC returns that did not reflect the total amount of wages paid to the two men.  *Rosario v. Fresh Smoothies LLC*, 2021 WL 5847633, at *6 (S.D.N.Y. Dec. 9, 2021) (finding defendants' filing of inaccurate W-2 sufficient to establish this kind of claim on default judgment); *but see Sarr v. VEP Assocs., LLC*, 2024 WL 1251600, at *6 (E.D.N.Y. Mar. 25, 2024) (recommending denial of default judgment

---

[3]  Pagination corresponds to CM/ECF headers.

motion because similar allegations failed to establish the willful filing of a fraudulent return by a specific defendant).

Fourth, plaintiffs' memorandum of law establishes that the categories of damages being sought are recoverable under the FLSA, the NYLL, and/or the IRC. The FLSA covers unpaid minimum wages and overtime. 29 U.S.C. §§ 206, 207(a)(1). The FLSA also has a provision for liquidated damages. § 216(b). Similarly, the NYLL covers unpaid minimum wages, overtime, and "spread-of-hours" premiums, N.Y. COMP. CODES R. & REGS. tit. 12, §§ 142-2.1, 142-2.2, 142-2.4, as well as liquidated damages, N.Y. LAB. LAW § 663(1). Unlike the FLSA, however, additional NYLL statutory provisions provide a damages remedy[4] for late wages, § 191(1)(a), and statutory damages for late notices and statements, §§ 198(1-b), (1-d). The IRC provides for certain statutory damages, too. 26 U.S.C. § 7374(b).

Fifth, plaintiffs' evidentiary submissions establish an adequate basis on which to award these damages. For instance, although a plaintiff may not recover under both the FLSA and the NYLL for the same injury, *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017), plaintiffs' damages calculations rely on the broader protections of the NYLL. *See* Ex. F to Lee Decl., Dkt. No. 15-7; Ex. G to Lee Decl., Dkt. No. 15-8. A review of these calculations shows that they appear to have been correctly adjusted to account for certain state-law statutory limitations. *See id*. (limiting recovery for wage notices and statements to $5,000 cap). Likewise, although the Second Circuit has held that a double recovery of liquidated damages under both the FLSA and the NYLL would be improper, *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018), plaintiffs' damages calculations appear to seek only a *single* recovery of liquidated damages matching the amount of unpaid wages and premiums properly recoverable under the NYLL.

---

[4] *See, e.g.*, *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 66 (S.D.N.Y. 2023) (concluding that late payment of wages gives rise to private right of action under state law).

Therefore, it is

ORDERED that

1. Plaintiffs' motion for default judgment (Dkt. No. 15) is GRANTED as to Count I (FLSA), Count II (NYLL), and Count III (IRC) of the complaint (Dkt. No. 1);

2. Plaintiff Alejandro Nunez Sanchez SHALL RECOVER from defendants Bavarian Mansion, LLC, Five Furlongs Tavern, LLC, and Garrett Doyle, jointly and severally, for unpaid minimum wages, unpaid overtime wages, unpaid overtime premiums, unpaid spread-of-hours premiums, New York Law Labor Law liquidated damages, damages for late payment of wages, statutory damages, and Internal Revenue Code penalties totaling **$75,808.54**; and

3. Plaintiff Rosendo Nunez SHALL RECOVER from defendants Bavarian Mansion, LLC, Five Furlongs Tavern, LLC, and Garrett Doyle, jointly and severally, for unpaid minimum wages, unpaid overtime wages, unpaid overtime premiums, unpaid spread-of-hours premiums, New York Law Labor Law liquidated damages, damages for late payment of wages, statutory damages, and Internal Revenue Code penalties totaling **$88,068.41**; and

4. Plaintiff's state-law claims in Count IV (breach of contract) and Count V (unjust enrichment) are *sua sponte* DISMISSED without prejudice.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: January 29, 2025
      Utica, New York.

Anthony J. Brindisi
U.S. District Judge